## CARTER, administrator, *vs.* MONROE *et al.*

1. Where, to an action of ejectment an equitable plea was filed, setting up that the deed relied on by the plaintiffs was only a mortgage and the jury so found, but also found a specified amount to be due by the defendant to the plaintiffs and that it be a lien on the land, and a decree was entered accordingly, an execution for the amount so found followed the decree.

2. Where such a *fi. fa.* was levied on the land, and it was claimed under a conveyance made pending the former litigation, the record of the suit was admissible to fix the date of lien of the *fi. fa.*

3. Where one made a conveyance of land, and on ejectment being brought thereon, he pleaded that the conveyance was only a mortgage, and pending litigation made another conveyance; when the first was held to be a mortgage it was a lien from its date, and the junior deed was subject to it.

4. A new trial will not be granted for failure to give a request which, if correctly given, could not have affected the verdict.

5. The verdict was supported by the evidence.

Evidence. Executions. Mortgage. Lien. New trial. Before L. C. HOYL, Esq., Judge *pro hac vice*. Randolph Superior Court. May Term, 1880.

Reported in the decision.

KENNON & HOOD, for plaintiff in error.

C. B. WOOTEN; J. T. FLEWELLEN; W. C. WORRILL, for defendants.

JACKSON, Chief Justice.

Monroe and Douglass caused to be levied an execution, predicated upon a decree in equity, on a tract of land as the property of Richard V. Carter. The same Richard V. Carter claimed the land levied on as administrator on his father's estate, alleging that the land was not his own property, but belonged to the estate of his father; on that issue, whether it was his own or his father's property at the date of the decree, the jury found that it belonged to him individually, so far as the plaintiffs' debt was concerned, and was subject to the execution; and the court below having refused a new trial, as administrator on his father's estate, Richard V. Carter brings the case here.

The grounds of the motion for a new trial, besides the usual grounds that the verdict is contrary to law and evidence, etc., are, that the court erred in admitting in evidence the execution, as it did not follow the decree, and as the decree did not follow the verdict; and in

admitting in evidence the record of the ejectment case between Monroe & Douglass, of the one side, *vs.* Carter, on the other, and also deeds to the land from Carter to Hood & Kiddoo, and from Hood & Kiddoo to Monroe & Douglass, on the statement of plaintiffs' counsel that these papers were introduced to show when their lien to the land levied on attached; and in charging the jury to the effect that if this record and deeds showed that before Carter made the deed to his father, on which this claim was based, he had previously given a conveyance which, in the ejectment suit (to which an equitable plea was filed) and the verdict therein, was held and determined to be a mortgage, then such mortgage would bind the land from its date and would give a lien superior to Carter's deed to his father, and it would be their duty in that event to find the land subject; and that the court failed to charge the jury that a debtor had the right to prefer one creditor to another, and to make a *bona fide* conveyance for that purpose.

The facts are these: The execution is dated the fifth day of April, 1876, and was introduced in evidence, the levy and possession of defendant Carter proven, and the plaintiffs closed. Then the claimant showed a deed from himself to his father, dated the fourteenth day of April, 1875, consideration forty-one hundred dollars, and letters of administration on his father's estate dated the tenth day of April, 1877. He then testified that he is claimant as administrator and is the same man who made the deed to his father, and the defendant in execution; that the deed was executed when it bears date; that he then turned the land over to his father and worked it for him; that he owed his father forty-one hundred dollars and sold him the land to pay it; that when levied on he was holding the land for his father; that he gave no note or other evidence of indebtedness for what he owed his father, but it was borrowed money, three thousand dollars at one time, soon after the war, and the balance at other times.

The plaintiffs then introduced in reply to this title of claimant, the ejectment suit for the land against Carter on the demise of Monroe & Douglas, brought in March, 1873, and returnable to the May term, 1873, of Randolph superior court, to which suit a plea of not guilty was filed, and an equitable plea setting up that the convey- ance dated in 1871, held by plaintiffs, did not convey title but was only a mortgage to secure a debt, and that the plaintiffs were indebted to him in equitable set-offs, etc., etc. On the hearing the jury found for the defendant Carter, so far as to make the conveyance a mortgage only, and found for the plaintiffs, Monroe & Douglas, twelve hundred and fifty-two dollars and eighty-one cents, less three hundred and thirty-eight dollars and seven cents, and the court rendered a decree thereon for nine hundred and fourteen dollars and seventy-four cents, on the twelfth day of May, 1875, and the execution was issued on this decree for that amount, which was to be paid out of this land and by the verdict and decree to have a lien thereon.

It seems that other parties were interested in that litigation and in the verdict and decree, but the rights of these plaintiffs were thus settled by the verdict and decree.

1, 2, 3. So that the court did not err in admitting the execution, for it followed the decree, nor in admitting the record of the ejectment cause and the equitable plea and verdict and decree, for they were essential, with the conveyances, to fix the lien of the plaintiffs; nor in the charge, for the mortgage in equity operated as a lien from its date as against the Carters, father and son, who seemed both, certainly the son, to have had full knowledge actually of the whole affair, and if the father did not, the *lis pendens* and his purchase during the pendency charged him with notice. The execution follows the decree ex- actly, the court deducting the set-off from the plaintiffs' debt, and the only pretext of difference is that the decree

also covered other matters between other parties which did not affect these plaintiffs in execution.

4, 5. The verdict is fully sustained by the evidence. About a month before the decree, Carter sold to his father during the pendency of the ejectment and equity case, and the whole affair looks fraudulent, as his father held no note nor other evidence of the son's indebtedness to him. But without regard to any badges of fraud —such as the relationship of the parties—the retaining possession of the land—the character of the indebtedness, etc., etc., it is enough to say that the decree and the admissions in the answer or equitable plea of Carter, are sufficient to give priority to the plaintiffs' lien over the claimant's deed, which was four years junior to the mortgage.

The request to charge about the debtor's right to prefer creditors was not in writing, and if it had been it was not error to refuse a new trial on this ground, as it could not have affected the verdict.

Judgment affirmed.